UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALBERT C. ADLER and ANNMARIE DEMEO,

                                *Plaintiffs*,

               -against-

MYSTIC CLOTHING, LLC,

                                *Defendant*.
------------------------------------------------------------------------X

For Online Publication Only

**FILED
CLERK**

2:06 pm, Oct 16, 2023

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

ORDER
No. 23-cv-05263 (JMA)

**AZRACK, United States District Judge:**

### MEMORANDUM DECISION AND ORDER

      Defendant has removed this personal injury case from the New York Supreme Court based on diversity of citizenship and asserts that there is more than $75,000 in controversy. But it was not clear from the Notice of Removal that this Court has subject matter jurisdiction over the action under 28 U.S.C. § 1332. So, by an Order to Show Cause, the Court *sua sponte* raised the issue of whether Defendant's assertions regarding diversity of citizenship and amount in controversy are sufficient to support removal. See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006). Defendant's response to the Order to Show Cause cures the problem about the citizenship of the parties. But Defendant has not demonstrated the requisite amount in controversy. Accordingly, the Court remands this action to state court.

### DISCUSSION

    **I.**     **Diversity Jurisdiction.**

      "Federal courts are courts of limited jurisdiction that possess only that power authorized by Constitution and statute." Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (quotations omitted). One such authorized basis for jurisdiction arises in diversity, which requires

1

both an amount in controversy in excess of $75,000 and diversity of citizenship among all of the parties. See 28 U.S.C. § 1332. In certain circumstances – and so long as the federal court has jurisdiction otherwise – the federal removal statute provides that actions originally brought in state court may be removed by a defendant to federal court. See 28 U.S.C. § 1441(a). A defendant hoping to remove a suit to federal court based on diversity bears the burden of establishing that the requirements for diversity jurisdiction are met. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000).

### A. Diversity of Citizenship.

For purposes of determining citizenship under 28 U.S.C. § 1332(c)(1), limited liability companies "take[] the citizenship of each of its members." Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012). Here, Defendant is a limited liability company comprised of two members: Michelle Seyfert, a resident of Florida, and Travis Artz, also a resident of Florida. See Exhibit B–C, Order to Show Cause, ECF No. 12. Thus, Defendant is deemed to be a citizen of Florida. Plaintiffs, on the other hand, reside in New York. See Exhibit A, Compl. ¶ 42, ECF No. 1. Accordingly, Defendant's response to the Order to Show Cause satisfies the diversity of citizenship requirements set forth in 28 U.S.C. § 1332(c)(1).

### B. Amount in Controversy.

Most at issue here is the amount in controversy prong of diversity jurisdiction. "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and it must establish jurisdiction by a "preponderance of evidence." Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019); see United Food & Com. Workers Union, Loc. 919 v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 305

(2d Cir. 1994) ("[T]he party asserting jurisdiction must support [any challenged jurisdictional] facts with competent proof and justify its allegations by a preponderance of evidence.").

Section 1446 clarifies the amount in controversy pleading standard when a removing defendant invokes the Court's diversity jurisdiction. 28 U.S.C. § 1446. When the initial pleading alleges a specific amount of damages, that sum, if "demanded in good faith . . . shall be deemed to be the amount in controversy." Id. § 1446(c)(2). When the initial pleading seeks monetary damages but "State practice," as here, "does not permit demand for a specific sum," the Notice of Removal may instead assert the amount in controversy. Id. § 1446(c)(2)(A)(ii). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" is required "when the plaintiff contests, or" — as relevant here — "the court questions, the defendant's allegation." Id. In such a case, removal is proper if the Court "finds, by the preponderance of the evidence," that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Lupo v. Hum. Affs. Int'l, Inc., 28 F.3d 269, 273–74 (2d Cir. 1994). Federal courts "construe the removal statute narrowly, resolving any doubts against removability." Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013).

A defendant removing a personal injury action from New York state court, moreover, need not guess at the amount in controversy; New York state law provides a mechanism for establishing exactly that. While the complaint in such an action "shall not state the amount of damages" sought,

3

N.Y. C.P.L.R. § 3017(c), a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." Id.

In this case, Defendant fails to meet its burden of establishing that the jurisdictional amount has been satisfied. To start, Plaintiff's state court Complaint does not state the amount in controversy.[1] Defendant apparently did not request a supplemental demand, as it could have under N.Y. C.P.L.R. § 3017(c), to obtain the total damages that Plaintiff is seeking. Nor did it provide any additional evidence regarding Plaintiff's damages allegations after the Court issued its Order to Show Cause on July 20, 2023. See Dart Cherokee, 574 U.S. at 89. Instead, Defendant offers only the Complaint's allegations and its Notice of Removal, which simply state the amount in controversy is met because (i) Plaintiff's claim involves "serious injuries" including "burns, scarring, and disfigurement" that are "permanent," Notice of Removal ¶¶ 13–14 (citing Compl. First Cause of Action, ¶ 50), and because (ii) Plaintiff requests punitive damages based on Defendant's alleged conduct. See Notice of Removal ¶ 14, ECF No. 1.

Notwithstanding the severity of the alleged harm, Defendant's showing is insufficient. Courts in this district have rejected similar generalized, "boilerplate" allegations as a basis for asserting the amount in controversy. See, e.g., Minaudo v. Sunrise at Sheepshead Bay, 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (remanding case to state court for failing to establish amount in controversy where complaint's allegations and notice of removal state simply the action involves "serious personal injuries and ultimately the loss of a life"); Bellocchio v. Enodis Corp., 499 F. Supp. 2d 254, 256 (E.D.N.Y. 2007) (remanding case to state court for failing to establish the amount in controversy where papers stated only that the plaintiff "suffered grave injuries"

---

[1] This makes sense. "Because N.Y. C.P.L.R. § 3017(c) prohibits the assertion of a monetary demand in a personal injury case," the jurisdictional amount is not alleged in Plaintiff's Complaint. Elome v. SVA Trucking LLC, 2021 WL 4480456, *2 (E.D.N.Y. Sept. 30, 2021).

4

including "permanent crushing injuries" and "disfigurement"); Kaur v. Levine, 2007 WL 210416, at *2 (E.D.N.Y. Jan. 26, 2007) (remanding wrongful death action to state court for failing to establish amount in controversy where papers stated that the plaintiff "suffered severe serious and fatal injuries"); Valente v. Garrison From Harrison LLC, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (plaintiff's claims that he "sustained severe personal injuries . . . required medical attention, suffered pain, [and] will continue to suffer and will require medical attention in the future" were boilerplate); Lachmanaya v. Rocky Towing, LLC, 2023 WL 2329855, at *5 (E.D.N.Y. Mar. 2, 2023) (remanding case to state court for failing to establish amount in controversy where complaint's allegations and notice of removal contained insufficient information specifying "the nature and extent of each Plaintiff's injuries, the treatment received, or details regarding the other losses each purportedly suffered"); cf. Schumacher v. Sunrise Senior Living Mgmt., Inc., 2021 WL 84284, at *3 (E.D.N.Y. Jan. 11, 2021) (denying motion to remand wrongful death action, where neither the complaint nor notice of removal established the minimum amount in controversy, only because plaintiff represented as much in a separate filing).

Defendant argues it has plausibly alleged, with sufficient factual content, that the amount in controversy has been adequately established. The Court respectfully disagrees. In describing Plaintiff Albert C. Adler's injuries, the most specific allegation is that he was wearing Defendant's flannel pajamas when they caught fire, the fire spread "rapidly over his body," and the fire caused "serious injuries" including "burns, scarring, and disfigurement" that are "permanent." Notice of Removal ¶¶ 11–12 (citing Compl. Factual Background, ¶ 31 & First Cause of Action, ¶ 50). It's also alleged that these injuries have caused and will continue to cause Plaintiff to incur expenses for medical care and attention, and that he is "unable to perform normal activities and duties." Notice of Removal ¶ 12 (citing Compl. First Cause of Action, ¶ 50). Though one can infer that

5

Plaintiff may seek a sizeable recovery if he can establish Defendant's liability, the Court is left to guess at the amount in controversy based on the boilerplate language concerning Plaintiff's injuries, which Defendant merely repeats in its Notice of Removal.  Such boilerplate pleadings are too generalized to enable the Court to "draw a reasonable inference—as opposed to speculating—that the damages or amount in controversy exceeds $75,000."  Efeturk v. Amazon.com Servs., LLC, 2023 WL 3203914, at *3 (E.D.N.Y. May 2, 2023) (citing Minaudo, 2023 WL 110359, at *3 (collecting cases remanded for failure to establish amount in controversy, even where permanent, serious, and fatal injuries were alleged because allegations did not particularize extent of injuries or damages)).  Accordingly, the Court concludes that Defendant has failed to establish that the amount in controversy requirement is met for purposes of establishing diversity jurisdiction, warranting remand to New York state court.

## CONCLUSION

For the foregoing reasons, this case is remanded to the Supreme Court of the State of New York, County of Nassau for lack of subject matter jurisdiction.

**SO ORDERED.**

Dated:  October 16, 2023
Central Islip, New York

/s/     JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE